# FOR PUBLICATION

FILED & ENTERED

JUL 13 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – Riverside Division

| | |
|---|---|
| In re<br><br>SOUTHERN PACIFIC JANITORIAL GROUP, INC.,<br><br>    Debtor. | Case No. 6:17-bk-18926-SC<br><br>Chapter 7<br><br>Adversary No. 6:18-ap-01092-SC |
| JOHN P. PRINGLE, CHAPTER 7 BANKRUPTCY TRUSTEE of Southern Pacific Janitorial Group, Inc.<br><br>    Plaintiff,<br>v.<br><br>FACILITY SERVICES OF AMERICA, INC., a Delaware corporation,<br><br>    Defendant. | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**Hearing:**<br>Date: 7/11/2018<br>Time: 1:30 p.m.<br>Courtroom 126<br>3420 12th Street<br>Riverside, CA 92501 |

The Court has received and reviewed the Motion for Default Judgment filed on June 12, 2018 [Dk. 10] ("Motion") by Plaintiff John P. Pringle, Chapter 7 Trustee ("Plaintiff"). Having reviewed and considered the Motion and attached evidence, as well as all the pleadings on the docket, the Court finds this matter is appropriate for disposition without a hearing. For the reasons set forth below, the Motion is DENIED without prejudice and the July 11, 2018 hearing is VACATED.

Plaintiff has requested turnover of property pursuant to 11 U.S.C. § 542(a). § 542(a) is not applicable in this case. The Trustee seeks turnover of funds owed to the Debtor pursuant to an account receivable. The account receivable, i.e. the right to

receive funds, is property of the Estate. *See, e.g.*, In re Anaheim Elec. Motor, Inc., 137 B.R. 791, 796 (Bankr. C.D. Cal. 1992) (finding that account receivables are property of the Estate but are not cash equivalents). However, the funds themselves that are owed pursuant to the account receivable are not property of the Estate that may be used, sold, or leased under § 363 until the account receivable has been converted into cash. *See id*.

The Court notes that the funds may be subject to turnover under § 542(b), which provides a Chapter 7 trustee the *right to payment* of a debt that is property of the Estate and that is "matured, payable on demand, or payable on order," subject to offset under § 553. Accounts receivable, along with liquidated judgments and monies held in trust or in escrow are among the types of debt commonly subject to § 542(b). 5 Collier on Bankruptcy P 542.04 (16th 2018) (*citing In re National Enterprises, Inc.*, 128 G.R. 956, 959 (E.D. Va. 1991). However, the Complaint specifically cites § 542(a), not § 542(b), which is fatal to the Court's ability to grant the relief requested.

Even if the Complaint did not fail as a matter of law, the Plaintiff did not provide sufficient evidence of his claims for the Court to grant default judgment in his favor. Specifically, Plaintiff has not provided sufficient admissible evidence (1) that Debtor's invoices are outstanding or (2) the actual amount that is outstanding. The Court notes the amount of accounts receivable listed in Debtor's schedules differs from the amount in Plaintiff's request for turnover, but Plaintiff provides no explanation for the difference or evidence (declaratory or otherwise) to establish what the correct amount is.

///
///
///
///
///
///
///
///

Accordingly, the Motion is DENIED, without prejudice. Although not requested, the Court expressly grants Plaintiff leave to amend the Complaint.

IT IS SO ORDERED.

### 

Date: July 13, 2018

Scott C. Clarkson
United States Bankruptcy Judge